Stephen Kirk **GREENHILL**, Plaintiff,

v.

**MERCHANTS FAST MOTOR LINES, INC.**, Defendant.

**Civ. A. No. 3:94–CV–1622–D.**

United States District Court, N.D. Texas, Dallas Division.

April 11, 1995.

Dale B. Tillery and Carl D. Tillery of Tillery & Tillery, Dallas, TX, for plaintiff.

Edmund Burke Huber, Jr. and Ramon D. Bissmeyer of Foster, Heller & Kilgore, P.C., San Antonio, TX, for defendant.

MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

The instant motion for summary judgment presents the question whether plaintiff's negligence action based upon on-the-job injuries is barred by federal labor law. Concluding it is, the court grants summary judgment and dismisses this action by judgment filed today.

I

This is an action by plaintiff Stephen Kirk Greenhill ("Greenhill") against defendant Merchants Fast Motor Lines, Inc. ("Merchants"), seeking to recover for July 6, 1993 on-the-job injuries that Greenhill contends were caused by the negligence of Merchants,

his employer and a nonsubscriber under the Texas Workers' Compensation Act.

Merchants moves for summary judgment, contending Greenhill was a member of the Union of Transportation Employees ("UTE") and that all on-the-job injuries are to be compensated in accordance with Article 29, § 7 of the collective bargaining agreement ("CBA") between UTE and Merchants. Merchants argues that Greenhill's negligence action against it is barred, because Greenhill's exclusive remedy is provided by Article 29, § 10 of the CBA, and Greenhill has neither exhausted his exclusive remedy for claims related to on-the-job injuries nor proved that Merchants breached the CBA when it provided benefits to him in accordance with the agreement. Merchants asserts in the alternative that Greenhill's claim is barred by the limitations period set out in § 301 of the Labor Management Relations Act ("LMRA").

Greenhill opposes summary judgment, contending his Texas common law negligence claim does not require the interpretation of the CBA, and therefore is not preempted by § 301 of the LMRA. He posits that he was not a UTE member on July 6, 1993 and has never been a UTE member. Greenhill maintains he was a probationary employee and would not be entitled to benefits pursuant to the CBA between Merchants and UTE until he became a non-probationary employee and a member of the union. He argues that UTE was not the exclusive bargaining agent for probationary employees and that he did not intentionally relinquish any right to pursue a Texas common law negligence action against Merchants.

II

The court holds that Merchants is entitled to summary judgment. Greenhill was covered by the CBA on July 6, 1993, the CBA prescribed the benefits and procedures governing on-the-job injuries, and § 301 of the LMRA preempts Greenhill's common law negligence claim.

The National Labor Relations Act provides that representatives designated or selected by a majority of employees in a collective bargaining unit are the exclusive representa-

tives of all the unit's employees for purposes of collective bargaining with respect to conditions of employment. *29 U.S.C. § 159(a).* Merchants employed Greenhill as a driver. On July 6, 1993 UTE was the exclusive bargaining representative of the Merchants drivers, who were covered by the CBA. *See* CBA Article 1, § 1. Greenhill was covered by the CBA on July 6, 1993. Under the CBA, probationary employees were included as employees in Article 29 of the CBA, which pertains to on-the-job injuries. *See* CBA Article 29, § 1.

The CBA prescribed the exclusive grievance and arbitration procedure for settling any disputes involving the provisions of the CBA with respect to benefits for on-the-job injuries. *See* CBA Article 29, § 10.

Greenhill's claim is clearly covered by the CBA, which provides the exclusive remedy for on-the-job injuries. His negligence action is a tort claim that is "inextricably intertwined" with consideration of the terms of the CBA. The claim is therefore preempted by the LMRA. *See, e.g., Medrano v. Excel Corp.,* 985 F.2d 230, 232 (5th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 79, 126 L.Ed.2d 47 (1993).

\* \* \* \* \* \*

Merchants' motion for summary judgment is granted, and this action is dismissed.

**SO ORDERED.**