22-911-cv
Champagne v. Columbia Dental PC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty-three.

PRESENT:  REENA RAGGI,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

-------------------------------------------------------------------

JENNIFER CHAMPAGNE,

*Plaintiff-Appellee*,

v.                                                                    No. 22-911-cv

COLUMBIA DENTAL PC,

*Defendant-Appellant*.

-------------------------------------------------------------------

FOR PLAINTIFF-APPELLEE: JAMES V. SABATINI, Sabatini & Associates, LLC, Newington, CT

FOR DEFENDANT-APPELLANT: KERRY R. CALLAHAN, (Valerie M. Ferdon, *on the brief*) Updike, Kelly & Spellacy, P.C., Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Columbia Dental PC appeals from a March 30, 2022 judgment of the United States District Court for the District of Connecticut (Bryant, *J.*) after a jury verdict awarding noneconomic and punitive damages to Jennifer Champagne on her workplace sexual harassment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* On appeal, Columbia Dental argues that the District Court erred in admitting into evidence Champagne's Exhibit 5, which consists of medical records from Champagne's office visit with Tracie LaRue, a nurse practitioner whom Champagne consulted for anxiety. We assume the parties' familiarity with the underlying facts and the record of prior proceedings,

2

to which we refer only as necessary to explain our decision to affirm.

We review a district court's evidentiary ruling for abuse of discretion. *Tesser v. Bd. of Educ. of City Sch. Dist. of City of New York*, 370 F.3d 314, 318 (2d Cir. 2004). "To find such an abuse, we must be persuaded that the trial judge acted in an arbitrary and irrational fashion." *Id.* (quotation marks omitted). Further, the ruling will be reversed only where it "affects a substantial right of one of the parties" such that "it is likely that in some material respect the factfinder's judgment was swayed by the error." *Costantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 174 (2d Cir. 2000) (quotation marks omitted).

Exhibit 5 includes a record of Champagne's medical visit with LaRue on April 18, 2017 and memorializes Champagne's examination, diagnosis, and treatment for anxiety. Columbia Dental principally contends that the District Court abused its discretion when it admitted Exhibit 5 into evidence, purportedly in violation of Federal Rule of Civil Procedure 26. As relevant here, Rule 26(a)(2)(C) provides that if an expert witness is not required to provide a written report under Rule 26(a)(2)(B), then the party offering the witness's testimony shall provide a disclosure that must include the "subject matter on which the witness is expected to present evidence" and a "summary of the facts

3

and opinions to which the witness is expected to testify." *See* Fed. R. Civ. P. 26(a)(2)(C). Columbia Dental argues that admitting Exhibit 5 was error because Champagne never disclosed Larue as an expert or provided a summary of the facts and opinions about which LaRue was expected to testify, as required by Rule 26(a)(2)(C). We disagree.

LaRue was called to testify solely as an "authentication witness" to lay the foundation to admit Exhibit 5 under the business records exception to the hearsay rule – Rule 803(6). Joint App'x 154; *see also Hodges v. Keane*, 886 F. Supp. 352, 356 (S.D.N.Y. 1995) (citing *Romano v. Howarth,* 998 F.2d 101, 108 (2d Cir. 1993)) ("Medical records . . . can be admissible under Federal Rule of Evidence 803(6), provided they are prepared in the regular course of business, near the time of occurrence, by a person with knowledge and are properly authenticated.").[1] LaRue was not offered as an expert witness and did not provide expert opinion testimony. Accordingly, her testimony did not fall under the purview of Rule 26, and Champagne was not required to submit the disclosure prescribed by Rule 26(a)(2)(C).

---

[1] Columbia Dental does not contest that Exhibit 5 was properly authenticated.

Further, while Rule 37 provides that a "party is not allowed to use" at trial an expert witness it failed to disclose under Rule 26(a), it contains an exception where the nondisclosure "was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Columbia Dental acknowledged that it received Champagne's medical records over two and a half years before the trial, and as the District Court noted, Columbia Dental also had the opportunity to depose LaRue and conduct an independent medical examination of Champagne during that time. Accordingly, Columbia Dental has not met its burden of showing that any alleged error was not harmless. *See Abascal*, 820 F.3d at 567.

We have considered Columbia Dental's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5